UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LeCHASE CONSTRUCTION SERVICES, LLC,

                         Plaintiff,

v.                                            3:18-CV-1021
                                            (GTS/ML)

ESCOBAR CONSTRUCTION, INC.,

                         Defendant.
_____

APPEARANCES:                             OF COUNSEL:

ERNSTROM & DRESTE, LLP             JOHN W. DRESTE, ESQ.
  Counsel for Plaintiff                 MATTHEW D. HOLMES, ESQ.
925 Clinton Square
Rochester, NY 14604

WASSERMAN GRUBIN & ROGERS LLP     ANDREW K. LIPETZ, ESQ.
  Counsel for Defendant
1700 Broadway, 16th Floor
New York, NY 10019

GLENN T. SUDDABY, Chief United States District Judge

<u>**DECISION and ORDER**</u>

       Currently before the Court, in this breach-of-contract action filed by LeChase

Construction Services, LLC ("Plaintiff") against Escobar Construction, Inc. ("Defendant"), is

Plaintiff's motion to strike Defendant's Answer, enter default, and schedule a hearing related to

damages, or, in the alternative, for partial summary judgment and to schedule a hearing related to

damages. (Dkt. No. 55.) For the reasons set forth below, Plaintiff's motion is granted.

**I.**      **RELEVANT BACKGROUND**

      **A.**      **Plaintiff's Complaint**

Generally, in its Complaint, Plaintiff asserts a claim for breach of contract against Defendant related to a subcontract that Plaintiff entered into with Defendant, in which Defendant agreed to perform certain subcontract work for Plaintiff related to Plaintiff's building project. (Dkt. No. 1 [Pl.'s Compl.].)  Plaintiff alleges that Defendant materially breached its obligations under that subcontract by failing to complete various aspects of the contracted-for work, causing Plaintiff to incur "millions of dollars of costs and associated damages."  (*Id.*)

### B.      Undisputed Material Facts on Plaintiff's Motion for Summary Judgment

Defendant did not provide a response to Plaintiff's Statement of Material Facts as required by the Local Rules of this Court.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("The opposing party shall file a response to the Statement of Material Facts.  The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs.  Each denial shall set forth a specific citation to the record where the factual issue arises.").  Defendant's failure to respond according to the Local Rules entitles the Court to deem the factually supported assertions in Plaintiff's Statement of Material Facts to be admitted.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.").

Defendant's current counsel made a notice of appearance in this matter shortly before Plaintiff filed its current motion.  (Dkt. No. 53.)  The Court granted two extensions of time (on February 26, 2020, and March 25, 2020) to allow Defendant to respond to Plaintiff's motion. (Dkt. Nos. 59, 61.)  As of the date of this Decision and Order, Defendant has not made any response to Plaintiff's motion.  As a result, the Court has deemed as admitted the following

2

asserted facts, which are each supported by the admissible evidence and not controverted by any admissible record evidence.[1]  (Dkt. No. 55, Attach. 17 [Pl.'s Rule 7.1 Statement].)

    1.    Plaintiff is a construction contractor and was retained by EdR Maplewood LLC to construct approximately 500,000 square feet of apartments and townhouses for incoming graduate and professional students at Cornell University in Ithaca, New York ("the Project").

    2.    Plaintiff and Defendant entered into a subcontract dated May 26, 2017, pursuant to which Defendant would complete, among other things, drywall and associated work for the Project.

    3.    The subcontract specified that time was of the essence related to Defendant's completion of its work under the subcontract.

    4.    Article 33 of the subcontract required Defendant to "diligently proceed with all Subcontract Work, including any changed or disputed work directed in writing, notwithstanding that an outstanding change order request claim, or protest with respect to such Work is pending or unresolved or Contractor has withheld payment in good faith."

    5.    The designated completion date for the Project was August 20, 2018.

    6.    Defendant abandoned the Project worksite on August 14, 2018.

    7.    Defendant returned to the Project worksite on or about August 15, 2018.

    8.    Defendant abandoned the Project worksite again on August 19, 2018.

**C.    Parties' Briefing on Plaintiff's Motion**

---

[1]    For the purposes of this Statement of Undisputed Material Facts, the Court has omitted Plaintiff's asserted facts that involve previous decisions by this Court, because such facts are merely procedural.  To the extent that Plaintiff intended to establish the Court's findings as undisputed, the Court will discuss those findings as appropriate in its analysis in Part III of this Decision and Order.

3

### 1.     Plaintiff's Memorandum of Law

Generally, in its motion, Plaintiff makes three arguments.  (Dkt. No. 55 [Pl.'s Mem. of Law].)  First, Plaintiff argues that the Court should strike Defendant's Answer and enter a default judgment in favor of Plaintiff because Defendant willfully and in bad faith failed to comply with the Court's scheduling and discovery orders.  (*Id.* at 8.)  More specifically, Plaintiff argues that (a) the Court has already found that Defendant's conduct was intentional, in bad faith, and in violation of the Court's orders, (b) Defendant's actions are well-documented in the record, (c) Defendant was aware of his obligations to the Court and Plaintiff, and has not offered any credible good faith explanation for failing to comply, and (d) any lesser sanction than dismissal would simply continue to delay the resolution of Plaintiff's claim.  (*Id.* at 10.)  Plaintiff further argues that, because the Court has already found that Defendant materially breached the subcontract related to the underlying claim in Plaintiff's Complaint, the Court should find that liability has been established for the purposes of default judgment.  (*Id.* at 10-11.)

Second, Plaintiff argues that the Court should schedule an inquest to determine the amount of damages caused to Plaintiff as a result of Defendant's material breaches of the subcontract because those damages are not a sum certain and an inquest will provide Defendant with an opportunity to defend itself against Plaintiff's proof of damages.  (*Id.* at 11.)

Third, Plaintiff argues that, in the alternative to default judgment, the Court should grant partial summary judgment as to liability to Plaintiff on the breach-of-contract claim based on the fact the Court already found in its prior Decision and Order that Defendant breached the subcontract.  (*Id.* at 12-13.)

### 2.     Plaintiff's Failure to Respond

4

Defendant failed to file a response to Plaintiff's motion by the deadline of May 26, 2020, and has not filed any response or a request to file a response out-of-time as of the date of this Decision and Order.  (*See generally* Docket Sheet.)

## II.      GOVERNING LEGAL STANDARDS

### A.      Standards Governing Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)

Federal Rule of Civil Procedure 37(b)(2)(A) states that, if a party "fails to obey an order to provide or permit discovery," the Court may issue further orders, including orders

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except and order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Similarly, Fed. R. Civ. P. 16(f)(1) authorizes the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order."

In considering whether sanctions pursuant to Fed. R. Civ. P. 37 are appropriate, the Court must consider factors such as "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance; and (4) whether the non-compliant party had been warned of the consequences

of noncompliance." *Funk v. Belneftkhim*, 861 F.3d 354, 366 (2d Cir. 2017).  "The aim of a

sanction is (1) to ensure that the offending party will not be able to profit from the failure to

comply[,] (2) to provide a strong deterrence to the noncompliant party and to others in the

public[,] and (3) to secure compliance with an order." *M.B. v. CSX Transp., Inc.*, 299 F.R.D.

341, 346 (N.D.N.Y. 2014) (Treece, M.J.).  "Striking an answer, like dismissal or entry of default,

is a drastic remedy generally to be used only when the district judge has considered lesser

alternatives . . . and it is only appropriate if failure to comply with discovery orders was due to

willfulness, bad faith, or any fault of the party sanctioned." *Syntel Sterling Best Shores*

*Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018).  In determining what

sanctions to impose, the Court should "select sanctions that are commensurate with the non-

compliance such that they restore the prejudiced party, as nearly as possible, to the position it

would have occupied had the discovery been produced and the evidence disclosed." *Syntel*

*Sterling*, 328 F.R.D. at 120.  In particular, "discovery orders are meant to be followed; thus,

dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the

offending party." *Hutcheon v. Farnum*, 18-CV-0203, 2019 WL 7971873, at *4 (N.D.N.Y. Nov.

4, 2019) (Hummel, M.J.) report-recommendation adopted by 2020 WL 90786 (N.D.N.Y. Jan. 8,

2020) (D'Agostino, J.).

       **B.**    **Standards Governing Motions for Summary Judgment**

      Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there

is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is

such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant.  *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(a), (c), (e).[3]

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that non-

---

[2]      As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

[3]      Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

movant is proceeding *pro se*.[4]  (This is because the Court extends special solicitude to the *pro se* litigant by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[5]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigant must obey a district court's procedural rules.[6]

Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant.  *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3).  What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement[7]–even where the non-movant was proceeding *pro se*.[8]

---

[4]     *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[5]     *Cusamano*, 604 F. Supp. 2d at 426 & n.3 (citing cases).

[6]     *Cusamano*, 604 F. Supp. 2d at 426-27 & n.4 (citing cases).

[7]     Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[9]

Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

## III.   ANALYSIS

After careful consideration of whether the Court should grant Plaintiff's request for sanctions including striking Defendant's Answer and entering default judgment against

---

movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[8]      *Cusamano*, 604 F. Supp. 2d at 427 & n.6 (citing cases).

[9]      *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

Defendant, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law.  (Dkt. No. 55, Attach. 1 [Pl.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

As discussed above in Part II.A. of this Decision and Order, in determining whether (and what) sanctions are appropriate, the Court must consider four factors: (1) Defendant's willfulness; (2) the ability of lesser sanctions to adequately address Defendant's conduct; (3) the duration of Defendant's noncompliance; and (4) whether Defendant has been warned of the consequences of noncompliance.  *Funk*, 861 F.3d at 366.  The Court will consider each of these factors in turn.

First, the Court finds that Defendant's conduct in failing to comply with the orders and schedules related to the provision of discovery was willful.  On December 17, 2019, U.S. Magistrate Judge Lovric indicated by Text Order that he found that Defendant "has intentionally failed to cooperate in the discovery process and has intentionally violated its discovery obligations," failed to show good cause for an extension of the schedules and deadlines set by the Court, and engaged in bad faith during the discovery process and when requesting an extension of the deadlines.  (Dkt. No. 46 [Text Order filed Dec. 17, 2019].)  On February 10, 2020, a correction to a Text Order by Magistrate Judge Lovric recognized that Defendant has violated the Court's discovery mandates, schedules, and deadlines.  (Dkt. No. 52; Text Order filed Feb. 10, 2020.)  The affidavits provided by Defendant's former counsel related to their requests to withdraw from representation indicate that Defendant repeatedly failed to provide them with the information and documents necessary for them to respond to Plaintiff's interrogatories and discovery requests.  (Dkt. No. 41 [Fischer Aff.]; Dkt. No. 43 [Reeve Aff.].)   Defendant has not

offered any explanation for his failure to comply with his discovery obligations, much less reasons that would suggest good cause for those actions.  The Court also notes that, despite being granted multiple extensions of time by which to respond to Plaintiff's current motion to strike Defendant's Answer and enter default judgment in favor of Plaintiff, Defendant in fact did not file any response in opposition to Plaintiff's motion.  (Dkt. Nos. 57, 58, 60, 61, 62, 63, 64.)  This represents further evidence that Defendant's failure to participate in and fulfil his obligations related to this lawsuit has been willful.

Second, the Court finds that lesser sanctions than default judgment against Defendant would not be effective.  Defendant's pattern of willful failure to comply with requests from Plaintiff, failure to cooperate with its own attorneys in their efforts to comply with the Court's orders and schedules, and Defendant's evident disregard for its obligations as part of this lawsuit show that to anything less than default judgment would result simply in further delay of the resolution of this matter.  Given Defendant's failure to provide any good-faith explanation for its conduct, there is nothing to suggest that lesser sanctions would induce Defendant to remedy its conduct.  Notably, Defendant's actions have severely prejudiced Plaintiff's ability to obtain the information necessary to fully present its case and there is no indication that other sanctions would induce Defendant to comply with further orders to produce evidence or submit to a deposition given its staunch noncompliance in the past.

Third, the Court finds that the duration of Defendant's conduct merits the requested sanctions.  On October 4, 2019, Plaintiff reported to the Court that Defendant had not provided certain discovery materials or answered certain interrogatories, at which time Defendant's former counsel assured Plaintiff and the Court that those materials would be provided by October 11 and

October 18, 2019, respectively.  (Minute Entry filed Oct. 4, 2019.)  On November 8 and 12,

2019, Defendant's former counsel both filed letter motions seeking leave to withdraw from

representation of Defendant, in which they stated that Defendant (a) was not responsive to

communications starting in July 2019, (b) failed to provide them with certain project documents

for two months, (c) failed to provide them with requested information to enable them to draft

responses to Plaintiff's interrogatories, (d) failed to cooperate with mediation efforts, and (e)

failed to produce documents.  (Dkt. No. 41 [Fischer Aff.]; Dkt. No. 43 [Reeve Aff.].)  The docket

therefore reflects that Defendant's failure to comply with the discovery orders and schedules had

been ongoing for multiple months during the relevant time period, and, to date, there is no

indication that Defendant has yet provided all the relevant discovery that Plaintiff has sought.

In a letter to the Court, Plaintiff clarified that it had sent its discovery and interrogatory

requests to Defendant on June 7 and 26, 2019, and that, although Defendant produced some

documents to Plaintiff on August 9, 2019, Defendant did not provide responses to the first

request for interrogatories until October 18, 2019.  (Dkt. No. 54, at 2.)  Plaintiff asserts that

Defendant came to the scheduled mediation on October 29, 2019, without settlement authority

and never answered Plaintiff's settlement offer.  (*Id.*)  Plaintiff further asserts that it produced

almost 9,000 pages of documents to Defendant, while Defendant provided Plaintiff with only

2,153 pages.  (*Id.*)  On October 31, 2019, Plaintiff asked Defendant's counsel when Defendant

would be available for deposition, and did not receive any date from Defendant or its counsel

such that Plaintiff has been unable to do a deposition of Defendant.  (*Id.*)  The evidence therefore

overwhelmingly shows that Defendant has willfully failed to provide significant discovery,

including its failure to submit to a deposition.  Such significant failure for a period spanning

12

multiple months justifies the drastic sanctions requested by Plaintiff.  *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (upholding dismissal sanctions where failure to produce discovery lasted for six months); *Davis v. Abercrombie & Fitch Co.*, 04-CV-1005, 2005 WL 8169610, at *5 (N.D.N.Y. Nov. 23, 2005) (Treece, M.J.) (finding that dismissal of the action was appropriate where the plaintiff had a history of unexcused noncompliance with discovery orders over a period of months that required multiple instances of court intervention) report-recommendation adopted by 2006 WL 8452057 (N.D.N.Y. Feb. 6, 2006) (Sharpe, J.).

Fourth, the Court finds that Defendant has been provided with adequate notice and opportunity to respond to the possibility of the relevant sanctions.  The Second Circuit has indicated that "due process requires that courts provide notice and an opportunity to be heard before imposing *any* kind of sanctions."  *Funk*, 861 F.3d at 369 (quoting *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 270 [2d Cir. 1999]).  Although a court must ordinarily alert the party to the particular sanction under consideration before imposing it, lack of sanction-specific notice can be excused in certain circumstances.  *Funk*, 861 F.3d at 369 (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 452-53 [2d Cir. 2013]).

Here, Defendant was provided notice of the possibility of sanctions by virtue of the filing of Plaintiff's motion, which clearly requests both striking of the Answer and entry of default judgment against Defendant.  Defendant was also provided with an opportunity to be heard regarding these requested sanctions because it was permitted to file a memorandum of opposition.  As discussed above, Defendant was permitted multiple extensions of the deadline to file its opposition, but, in the end, it did not file *any* opposition to Plaintiff's motion.  As a result, the Court finds that Defendant was sufficiently notified of the possibility of sanctions including

the striking of its Answer and default judgment and was provided with an adequate opportunity to respond to the propriety of those sanctions.

For all of the above reasons, the Court finds that the circumstances here make it appropriate to strike Defendant's Answer and issue a default judgment against Defendant as to liability on Plaintiff's breach-of-contract claim.  (The Court notes that, even if it were to not render this finding, the Court would grant Plaintiff's unopposed motion for summary judgment as to liability for the reasons stated by Plaintiff).  The Court additionally grants Plaintiff the opportunity to submit evidence related to determining the amount of damages.  Upon submission of this evidence (and any responsive submission from Defendant), the Court will determine whether an in-person hearing will be required.

ACCORDINGLY, it is

ORDERED that Plaintiff's motion (Dkt. No. 55) is **GRANTED**; and it is further

ORDERED that Defendant's Answer is **STRICKEN**; and it is further

ORDERED that default judgment shall be issued in favor of Plaintiff as to liability for its breach-of-contract claim; and it is further

ORDERED that Plaintiff shall submit evidence related to proving the amount of damages it incurred as a result of Defendant's breach of contract within **TWENTY-ONE (21) DAYS** from the date of this Decision and Order, to which Defendant will be permitted **FOURTEEN (14) DAYS** to respond.

Dated: September 28, 2020
        Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

14